In the Matter of EUGENE F. SWEENEY, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 11, 1977

*Nicholas C. Cooper (Edward H. Albert* of counsel), for petitioner.

*Leonard A. Sheft* and *Eugene F. Sweeney, pro se,* for respondent.

*Per Curiam.* The respondent was admitted to practice by this court on March 26, 1958. In this proceeding petitioner moves to confirm in part and disaffirm in part the Referee's report.

Respondent was charged with professional misconduct, *inter alia,* as follows: (1) neglecting a legal matter entrusted to him and ignoring all inquiries from his client relative to the status of the case; (2) failing to file a retainer statement with the Judicial Conference or the Office of Court Administration; (3) after being retained to represent an administratrix of an estate, failing to "wind-up" the estate for more than five years, ignoring the inquiries of his client, and causing the widow of the decedent to suffer a loss of $1,800; (4) after promising to execute an agreement to compensate the aforementioned administratrix and the widow of the decedent in the amount of $2,500 for their losses, failing to execute said agreement and failing to make payments as agreed, leaving

an unpaid balance of $1,400 since July, 1975, despite continued demands for said payments; (5) after being retained to represent an infant in a personal injury action in 1968, abandoning the case, as a result of which the action was dismissed in 1972; (6) failing to co-operate with the Committee on Grievances of the Association of the Bar of the City of New York in its investigation of a complaint made concerning respondent; (7) failing to co-operate with the petitioner herein in its investigation of a complaint made concerning respondent.

The Referee failed to sustain the fifth charge and part of the seventh charge. The remaining charges were sustained by the Referee. Petitioner moves to confirm the allegations sustained by the Referee and seeks to disaffirm the Referee's report as to the allegations found not sustained, save for the finding that a portion of the seventh charge (which portion is not enumerated above) had not been sustained.

After reviewing all of the evidence we are in agreement with petitioner. We find respondent guilty of all charges of professional misconduct enumerated above. The petitioner's motion is therefore granted.

In determining the appropriate measure of discipline to be imposed, we have taken into consideration respondent's previously unblemished record and the fact that his misconduct occurred during an isolated period of time when he was under extreme emotional pressure. Accordingly respondent should be, and he hereby is, suspended from the practice of law for a period of one year, effective May 1, 1977.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and COHALAN, JJ., concur.